SANDRA K. JENKINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jenkins v. Commissioner
Docket No. 38499-87
United States Tax Court
T.C. Memo 1989-617; 1989 Tax Ct. Memo LEXIS 617; 58 T.C.M. (CCH) 692; T.C.M. (RIA) 89617; November 15, 1989; As corrected November 27, 1989 Murray Greiff, for the petitioner. M. Maggie Anewalt, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
§ 6651(a)(1) [1]
§ 6654
§ 6653(a)
§ 6653(a)(1)
§ 6653(a)(2)
1979
$ 4,883.18
$ 580.54
$ 70.24
$ 244.16
--   --
1981
1,302.00
325.50
99.99
$ 65.10 *
1982
1,314.00
195.00
62.97
65.70 *
*618 After concessions by both parties, the sole remaining issue is whether the statute of limitations has run against respondent with respect to the year 1979. FINDINGS OF FACT Some of the facts are stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Seal Beach, California when she filed her petition. Respondent has no record of having received a valid return from petitioner for 1979. Between September 21, 1981 and December 28, 1981, respondent sent five notices to petitioner concerning the alleged nonfiling of her 1979 return. Petitioner filed what purported to be an income tax return for 1979, which bears what appears to be an Internal Revenue Service stamp indicating receipt in 1982. On May 17, 1982, respondent sent petitioner a letter stating that her purported return was unsigned. On May 1, 1983, respondent sent petitioner a letter stating that respondent had no record of having received a return. On November 30, 1984, respondent prepared and filed a substitute return. On June 17, 1986, respondent sent petitioner a letter stating that respondent had concluded that petitioner did *619 not intend to file a return. On August 31, 1987, respondent issued the notice of deficiency. Petitioner's purported 1979 tax return contains various tax protestor language, omits $ 90 of interest income which petitioner concedes she earned, alters various language on the form (including replacement of "Total Income" with "Total gross receipts not specific items of gross income"), states that no credits are "claimed now," and inserts the amount of income tax withheld on the line where total taxes should have been entered. The return is signed, but undated, and contains a jurat modified to read: Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is truly estimated above. OPINION The issue in this case is whether the statute of limitations has run against respondent for the year 1979. The resolution of this issue depends on whether or not petitioner had filed a valid income tax return more than three years prior to issuance of the notice of deficiency on August 31, 1987. The question of what constitutes a valid return was discussed in detail in *620 (Court reviewed), affd. per curiam . We will not repeat that discussion here. We need only note that under some circumstances a defective return will be sufficient to start the running of the statute of limitations. . In , we stated: The Supreme Court test to determine whether a document is sufficient for statute of limitations purposes has several elements: First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury. The modified jurat on petitioner's return states that petitioner's taxes were "estimated" rather than "true, correct, and complete." We know of no authority that holds that taxpayers need only estimate their taxes on their return. A person who merely estimates her taxes is not making an "honest and reasonable attempt" to meet the requirements of the Code. Also, given the language on the *621 return that petitioner's taxes were "estimated," respondent would not be able to calculate petitioner's actual tax liability. Finally, since the modified jurat on petitioner's return does not verify the accuracy of the return, it does not satisfy the verification requirement of section 6065. See , revd. on other grounds . Accordingly, the purported return was not a valid return. Petitioner testified that she later signed and returned a valid jurat, thus making her purported return a valid return. However, she did not state when she returned the jurat, nor did she present any other credible evidence on this point. Respondent has no record of having received the jurat. We conclude that petitioner did not file a valid return more than three years prior to issuance of the notice of deficiency on August 31, 1987. Accordingly, the notice of deficiency was timely with respect to the year 1979. Respondent may assess the deficiencies and additions for 1979, as well as those for 1981 and 1982 as modified by concessions made by the parties. Decision will be entered under Rule 155 *622 . Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. * 50 percent of the interest due on the deficiency.↩